11-3683
Barry v. Holder

BIA
Brennan, IJ
A093 434 356

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of July, two thousand twelve.

PRESENT:

DENNIS JACOBS,
    *Chief Judge,*
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

ELHADJ OUMAR BARRY,
    *Petitioner,*

v.                                          11-3683
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Yerman & Associates, LLC, New York, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Carl McIntyre, Jr., Assistant Director; Marion E. Guyton,

**Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Elhadj Oumar Barry, a native and citizen of Guinea, seeks review of an August 25, 2011, decision of the BIA affirming the March 30, 2010, decision of Immigration Judge ("IJ") Noel Brennan denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Elhadj Oumar Barry*, No. A093 434 356 (B.I.A. Aug. 25, 2011), aff'g No. A093 434 356 (Immig. Ct. N.Y. City Mar. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, this Court reviews both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Barry's asylum application is governed by the REAL ID Act.

Therefore the agency may (considering the totality of the circumstances) base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Barry did not testify credibly regarding his claim that he was persecuted in Guinea on the basis of his political opinion. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C.§ 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the agency noted, Barry's testimony was internally inconsistent and contradicted his documentary evidence regarding whether and how long he had lived in the United States before his November 2005 admission as a non-immigrant parolee, as well as the details of his November 2005 arrest, detention, release and flight to the United States, and the date of his brother's death. Barry's explanations for these inconsistencies did not compel the conclusion that Barry was testifying credibly. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that an agency need not credit an applicant's explanations unless those explanations would compel

3

a reasonable fact-finder to do so). These inconsistencies provide substantial support for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a credibility determination on inconsistencies between the applicants statements, and "the consistency of such statements with other evidence of record").

The adverse credibility determination is reinforced by the IJ's demeanor finding, to which we give particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The IJ reasonably relied in part on demeanor, noting that Barry's testimony was frequently hesitant, evasive and non-responsive. In the circumstances, the IJ reasonably relied on Barry's failure to provide corroborating evidence of persecution. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency gave limited weight to the letter from Barry's wife, a ruling that is entitled to particular deference. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). As the agency observed, Barry testified that his wife was uneducated, had paid someone to write the letter for her and could not be certain of its contents.

4

Given the inconsistencies, the failure to corroborate, and this Court's deference to the agency's findings regarding demeanor, the agency's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Accordingly, the agency did not err in denying Barry's application for asylum, withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5